IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN MILLER, #M-11879,** | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No. 16-cv-00585-SMY |
| | ) |
| **C/O BOONE,** | ) |
| **C/O STALLINGS,** | ) |
| **C/O JEFFERSON,** | ) |
| **C/O KAUFMAN,** | ) |
| **C/O JONES,** | ) |
| **C/O JOHN DOE,** | ) |
| **LPN JANE DOE,** | ) |
| **and MAJOR JOHN DOE,** | ) |
| | ) |
|      **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

  Plaintiff Brian Miller, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1) for constitutional deprivations that occurred in 2014 during his incarceration at Shawnee Correctional Center ("Shawnee") (Doc. 1, pp. 6-11). According to the Complaint, Plaintiff was subjected to the unauthorized use of excessive force by prison officials and the denial of adequate medical care for his resulting injuries (*id*.). Prison officials ignored his grievances regarding the same (*id*.). He now sues the following defendants for violating his rights under the Eighth and Fourteenth Amendments: C/O Boone, C/O Stallings, C/O Jefferson, C/O Kaufman, C/O Jones, C/O John Doe, LPN Jane Doe, and Major John Doe. Plaintiff seeks monetary relief (*id*. at 12).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The Complaint survives preliminary review under this standard.

## The Complaint

While being escorted to segregation at Shawnee on October 20, 2014, Plaintiff informed C/O Boone that his cuffs were too tight and he asked the officer to loosen them (Doc. 1, p. 6). In response, C/O Boone told Plaintiff to "shut the fuck up [and] quit being a bitch" (*id*.). When Plaintiff pleaded with C/O Boone to loosen the cuffs, the officer slammed him face-first onto the pavement. He began punching Plaintiff and, as he did so, C/O Boone summoned other officers to assist him (*id*.).

Moments later, C/O Stallings, C/O Jefferson, C/O Kaufman and C/O Jones arrived and proceeded to beat and kick Plaintiff. They dragged him across the concrete while threatening him and making harassing comments (*id*. at 6-7). Plaintiff lost consciousness. When he awoke, Plaintiff discovered that he was in a segregation housing unit "cage" (*id*. at 7). Major John Doe, an unknown major, was standing over him. Plaintiff asked Major Doe how he could let the correctional officers do this and the major told him to "shut up you fucking piece of shit or you'll get some more" (*id*.). Plaintiff then asked the major for medical treatment. In response, Major Doe stated, "Hell naw we haven't even begun yet that's just the begining, there's plenty more in store" (*id*.). At that, Major Doe and several other prison officials left Plaintiff alone in the cage.

Upon their return, Plaintiff was taken to see an unknown nurse, LPN Jane Doe. The Complaint offers no description of Plaintiff's injuries. Nevertheless, he characterizes the medical treatment that she provided as "mediocre" (*id*. at 8). LPN Doe gave him ice cubes and Tylenol. She took photos of his injuries and prepared an injury assessment. Plaintiff noted that the nurse followed the instructions of the officers when preparing the report.

After Plaintiff returned to segregation, he experienced back pain, swelling in his joints and headaches. He requested additional medical care, but his requests were denied (*id*. at 8-9). The officers in segregation told him that they were instructed to deny his requests for medical care.

Plaintiff filed several grievances to complain about the use of excessive force against him by the above-referenced officers and two unknown officers (C/O Doe) that "joined in" (*id*. at 9). He also complained about the subsequent denial of medical care. However, each of his grievances was delayed, denied, or ignored (*id*. at 9-10).

## **Merits Review Under 28 U.S.C. § 1915A**

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** **Eighth Amendment excessive force and/or failure to intervene claim against Defendants for the events that occurred at Shawnee on or around October 20, 2014.**
>
> **Count 2:** **Eighth Amendment deliberate indifference to serious medical needs claim against Defendants for denying Plaintiff adequate medical care for the injuries he sustained at Shawnee on or around October 20, 2014.**

> **Count 3:** Fourteenth Amendment due process claim against Defendants for delaying, denying, or ignoring Plaintiff's grievances following the events that occurred at Shawnee on or around October 20, 2014.

As discussed in more detail below, **Count 1** shall receive further review against C/O Boone, C/O Stallings, C/O Jefferson, C/O Kaufman, C/O Jones and Major John Doe. However, this claim shall be dismissed without prejudice against C/O John Doe and LPN Jane Doe for failure to state a claim upon which relief may be granted. **Count 2** shall be dismissed without prejudice against all of the defendants and **Count 3** shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Count 1

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). To state an excessive force claim, an inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

Additionally, the Eighth Amendment does not allow prison officials to stand by while a prisoner is subjected to the unauthorized use of force. Officers have a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This includes a duty to protect inmates from other inmates, as well as a duty to intervene and protect inmates from the unlawful use of force by fellow prison guards.

The same legal standard applies to failure to protect and failure to intervene claims. In both contexts, a plaintiff must show that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendants acted with "deliberate indifference" to that risk. *Farmer*, 511 U.S. at 834; *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Deliberate indifference occurs when an "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 913.

The allegations in the Complaint suggest that C/O Boone, C/O Stallings, C/O Jefferson, C/O Kaufman, C/O Jones and Major John Doe may have used excessive force against Plaintiff at Shawnee on or around October 20, 2014. Alternatively, they may have failed to intervene and stop fellow prison officials from using excessive force against Plaintiff. Either way, Count 1 shall proceed against these defendants.

However, this claim shall be dismissed against LPN Jane Doe and C/O John Doe. Plaintiff did not mention LPN Doe in connection with the use of excessive force or failure to intervene and protect him. Likewise, he did not clearly indicate what role the unknown correctional officer(s) played in the use of excessive force against him. Plaintiff alludes to the fact that two unknown correctional officers "joined in," but he does not explain what is meant by this. The allegations are simply too vague to suggest that these unknown officers participated in the alleged assault, subsequent denial of care or a separate incident altogether.

Section 1983 creates a cause of action based on personal liability and predicated upon fault. To "be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810

(7th Cir. 2005) (citations omitted). The allegations set forth in the Complaint do not suggest that either LPN Doe or C/O Doe personally participated in a deprivation of Plaintiff's constitutional rights.

Based on the foregoing discussion, **Count 1** shall proceed against C/O Boone, C/O Stallings, C/O Jefferson, C/O Kaufman, C/O Jones and Major John Doe. However, this claim shall be dismissed without prejudice against C/O John Doe and LPN Jane Doe for failure to state a claim upon which relief may be granted against these defendants.

### Count 2

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that: (1) his medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Plaintiff's Complaint contains insufficient allegations to satisfy either component of this claim. The allegations do not indicate what injuries Plaintiff complained about to any particular defendant and that defendant's response to his request for medical care. In conclusory fashion, Plaintiff alleges that he was injured by prison officials on October 20, 2014 (an allegation the Court accepts), and he received "mediocre" care from the LPN Doe for the injuries. He also alleges that he asked Major Doe for medical care and was threatened with the denial of treatment before being taken to see the prison's nurse. The Complaint is devoid of allegations suggesting that Plaintiff asked any other named defendant for medical care. These vague and conclusory

allegations are insufficient to support an Eighth Amendment deliberate indifference to medical needs claim against LPN Doe, Major Doe or any other defendant. Accordingly, **Count 2** shall be dismissed without prejudice against all defendants for failure to state a claim upon which relief may be granted.

### Count 3

The Complaint also articulates no colorable Fourteenth Amendment due process claim against the defendants based on the mishandling of Plaintiff's grievances. Plaintiff alleges that Shawnee officials improperly delayed, denied or ignored his grievances. Prison grievance procedures are not constitutionally mandated and give rise to no independent claim under the Fourteenth Amendment Due Process Clause. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, **Count 3** shall be dismissed with prejudice against all defendants for failure to state a claim upon which relief may be granted.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 1 against Major John Doe, whose name is currently unknown. However, this party must be identified with particularity before service of the Complaint can be made on him. Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832. In this case, several co-workers of Major John Doe are already named in this action and

they shall promptly respond to discovery, informal or otherwise, aimed at identifying this unknown defendant by name. Guidelines for discovery will be established by the United States Magistrate Judge. Once the name of Major John Doe is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendants **C/O JOHN DOE** and **LPN JANE DOE**; **COUNT 2** is **DISMISSED** without prejudice against all of the defendants; and **COUNT 3** is **DISMISSED** with prejudice against all of the defendants, all for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 1** is subject to further review against Defendants **C/O BOONE, C/O STALLINGS, C/O JEFFERSON, C/O KAUFMAN, C/O JONES,** and **MAJOR JOHN DOE**. With regard to **COUNT 1,** the Clerk of Court shall prepare for Defendants **C/O BOONE, C/O STALLINGS, C/O JEFFERSON, C/O KAUFMAN, C/O JONES,** and **MAJOR JOHN DOE** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Major John Doe, the unknown defendant, until such time as Plaintiff has identified him by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a plan for discovery aimed at properly identifying the unknown defendant, Major John Doe, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

**Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 29, 2016**

                                                                s/ STACI M. YANDLE
                                                                United States District Judge