IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN MILLER, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 16-585-RJD |
| C/O/BOONE, et al., | ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Before the Court on the motions in limine filed by Plaintiff (Doc. 63). The Court has reviewed the motions and responses thereto, and sets forth its rulings as follows:

1. Motion in limine to exclude evidence relating to Plaintiff's arrests and convictions.

Plaintiff moves to exclude any evidence or testimony regarding the nature of his criminal offenses arguing such evidence is not relevant and unfairly prejudicial under Rule 403. Defendants object to Plaintiff's motion, arguing that Plaintiff's convictions are admissible under Federal Rule of Evidence 609.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purpose of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court agrees with Plaintiff that the probative value of his criminal convictions is substantially outweighed by the danger of unfair prejudice. Plaintiff's motion in limine is therefore **GRANTED IN PART AND DENIED IN PART**. Defendants may introduce evidence that Plaintiff has been convicted of felonies and is incarcerated with the Illinois Department of Corrections. Defendants shall not introduce evidence identifying the specific crimes for which Plaintiff was incarcerated.

2. Motion in limine to bar reference to any of Plaintiff's conduct violations or disciplinary history while incarcerated.

Plaintiff moves to exclude any evidence or testimony regarding his disciplinary history while incarcerated arguing such evidence is not relevant, unfairly prejudicial under Rule 403, and inadmissible under Rule 404. Defendants have no objection, except as related to Plaintiff's fight with another inmate that occurred just prior to the alleged use of force on October 20, 2014. Plaintiff was disciplined for fighting with another inmate. Defendants argue the fight occurred immediately prior to the alleged use of force and is relevant to Defendants' defense to Plaintiff's claim that he was injured by correctional staff.

The motion to bar Plaintiff's DOC disciplinary history is **GRANTED IN PART AND DENIED IN PART**. Defendants may introduce evidence concerning Plaintiff's October 20, 2014 discipline and the events surrounding that discipline. Defendants shall not introduce evidence of disciplinary history unrelated to the events of October 20, 2014.

3. Motion in limine to exclude testimony or argument regarding dismissed or previously named Defendants.

Plaintiff seeks to bar Defendants from eliciting any testimony that any individual was previously a named defendant in this matter. Plaintiff argues this evidence is irrelevant and prejudicial as it might imply to the jury that Plaintiff's claims against Defendants somehow lack merit because of the dismissal of previously named defendants. Defendants object to this motion. In his Complaint, Plaintiff alleged Defendant Stallings was one of the correctional officers who assaulted him. Later, in his deposition, Plaintiff testified that he was able to specifically identify Defendant Stallings as one of the correctional officers who "assisted [Defendant Bone] in the assault," because he "could read the names of the officers." The parties subsequently stipulated to dismissal of Defendant Stallings because he was not at Shawnee Correctional Center, where Plaintiff alleges he was physically beaten. Defendants assert Plaintiff's identification of Defendant Stallings was either mistaken—in which case, Defendants argue they should be allowed to use this mistake to challenge Plaintiff's ability to perceive the events and individuals on the day in question—or Plaintiff's identification was a fabrication—in which case, Defendants argue they should be allowed to use Plaintiff's fabrication to challenge his credibility.

The motion to exclude testimony and argument that Jeffrey Stallings was previously named as a Defendant is **GRANTED**. Defendants may introduce evidence that Plaintiff previously identified Stallings as having been involved in the alleged assault.

4. Motion in limine to exclude testimony or argument regarding Plaintiff's mental health history.

Plaintiff seeks to bar any evidence as to Plaintiff's mental health history. Defendants have no objection and do not intend to refer to Plaintiff's mental health history unless Plaintiff first opens the door to introduction of such evidence.

The motion to exclude evidence regarding Plaintiff's mental health history is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:   January 11, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**